# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:17CR00020-004 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GRANDY NESTER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Grandy Nester, Pro Se Defendant.*

Defendant Grandy Nester, a federal inmate proceeding pro se, has filed a miscellaneous motion complaining that his defense attorney failed to provide effective assistance during guilty plea proceedings and did not file a notice of appeal after Nester asked him to do so. I intend to address the motion as one to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Under *Castro v. United States*, 540 U.S. 375 (2003), a court must notify a pro se litigant of its intention to recharacterize a pleading as that litigant's first § 2255 motion and provide him the opportunity to withdraw the motion or amend it so that it contains *all* the § 2255 claims that the litigant wishes to raise. 540 U.S. at 383. The court must also warn such inmates of the potential consequences of recharacterizing the pleading as a § 2255 motion. *Id.*

Once a litigant has filed one § 2255 motion, he or she must obtain certification from the United States Court of Appeals in order to file a second or subsequent § 2255 motion as to the same conviction or sentence. 28 U.S.C. § 2255(h). In light of this limitation on filing successive § 2255 motions, I advise Nester that if he elects to have the court address the present motion as a § 2255 motion, he should include all grounds that he believes cause his conviction or sentence to be invalid or unconstitutional. However, if he has additional claims and fails to amend, such claims raised in a later § 2255 motion would be dismissed as successive, unless he first received certification from the United States Court of Appeals for the Fourth Circuit to file a successive motion.

Rule 2(b) of the Rules Governing § 2255 Proceedings requires a motion to vacate under § 2255 to be signed under penalty of perjury and to substantially follow the standard form. Nester's current submission does not meet this requirement.

Accordingly, it is hereby **ORDERED** as follows:

1. Nester's miscellaneous motion, ECF No. 722, is CONDITIONALLY FILED as a § 2255 motion and Nester is hereby DIRECTED to submit to the court within 21 days from the date of entry of this Order either (a) an objection to the court's intention to address the Motion to Reduce Sentence as one arising under § 2255, or (b) a completed § 2255 motion form (<u>ENCLOSED</u>), signed under

penalty of perjury, to have the court consider the claims under § 2255. Nester's failure to comply with this Order will result in the dismissal of the conditionally filed § 2255 action without prejudice.

      ENTER: May 15, 2019

      /s/ *James P. Jones*
      United States District Judge

**Motion to Vacate, Set Aside, or Correct a Sentence
By a Person in Federal Custody
(Motion under 28 U.S.C. § 2255)**

**Instructions**

1. To use this form, you must be a person who is or will be serving a sentence under a judgment against you in a *federal* court. By using this form, you are asking for relief from the conviction or the sentence because the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a).

2. You must file a § 2255 form in the United States district court that entered the judgment that you are challenging. In a § 2255 motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion in the federal court that entered that judgment.

3. To ensure that your claims are given full consideration, your responses on the form must be typed or neatly written in the space provided, on one side of the paper only, with one-inch margins on all sides of the text. Carbon copies are not acceptable. **Never** use tape on pleadings submitted to the Court. Your motion must be typed or **legibly handwritten** on the attached form.

4. Answer all the questions. You do not need to cite any law. You may submit additional pages if you need more space for your answers. You may also submit a separate memorandum explaining your claims. Be sure these separate documents comply with the format explained in Paragraph 3.

5. You must tell the truth and sign and date the § 2255 form under penalty of perjury. If you make a false statement of a material fact, you may be prosecuted for perjury. Please note that photocopied or carbon copy signatures are not acceptable.

6. You need only send the original petition to the court. If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. If you were sentenced in any division of the United States District Court for the Western District of Virginia, send your completed, original § 2255 form and any attachments to the Clerk's Office at the following address:

    Clerk's Office, United States District Court
    for the Western District of Virginia
    210 Franklin Road, SW, Suite 540
    Roanoke VA 24011-2208

8. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge, and you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

9. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Western District of Virginia |
|---|---|---|
| Name *(under which you were convicted)*: Grandy Nester | | Docket or Case No.: 1:17-cr-00020-4 |
| Place of Confinement: FCI Williamsburg | Prisoner No.: 21867-084 | |
| UNITED STATES OF AMERICA  V. | | Movant *(include name under which convicted)* Grandy Nester |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☐

9. If you did appeal, answer the following:
    (a) Name of court: _____
    (b) Docket or case number (if you know): _____
    (c) Result: _____
    (d) Date of result (if you know): _____
    (e) Citation to the case (if you know): _____
    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐
        If "Yes," answer the following:
        (1) Docket or case number (if you know): _____
        (2) Result: _____

        (3) Date of result (if you know): _____
        (4) Citation to the case (if you know): _____
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____
        (5) Grounds raised:

      (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐     No ☐
      (7)  Result: _____
      (8)  Date of result (if you know): _____
  (b) If you filed any second motion, petition, or application, give the same information:
      (1)  Name of court: _____
      (2)  Docket of case number (if you know): _____
      (3)  Date of filing (if you know): _____
      (4)  Nature of the proceeding: _____
      (5)  Grounds raised:

      (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐     No ☐
      (7)  Result: _____
      (8)  Date of result (if you know): _____
  (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
      (1)  First petition:     Yes ☐     No ☐
      (2)  Second petition:     Yes ☐     No ☐
  (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** _____

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground One:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐     No ☐
        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**
        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐     No ☐
        (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?
            Yes ☐     No ☐
        (4) Did you appeal from the denial of your motion, petition, or application?
            Yes ☐     No ☐
        (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
            Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Four:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐    No ☐
        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**
        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐    No ☐

        (2) If you answer to Question (c)(1) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:

    (b) At the arraignment and plea:

    (c) At the trial:

    (d) At sentencing:

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?　　　Yes ☐　　No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?　　　Yes ☐　　No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?　　　Yes ☐　　No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

                                                                                         _____
                                                                                             Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
                                                                                       (month, date, year)

Executed (signed) on _____ (date)

                                                                                        _____
                                                                                             Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.